GEORGE WILLIAMS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. A plea that the defendant was held under a former indictment for the same offense at the time the indictment on which the trial was proceeding was preferred and found true, and that he be therefore discharged, is not good, the facts being that the judge granted the order to *nol. pros.* the first bill before the second was found, but the same was not drawn and entered of record formally on the minutes until afterwards.

2. The court did not err in charging that " if the evidence had shown de-
fendant had whipped the deceased with a little switch, not intending to kill
him, but simply to chastise him reasonably and properly, and the deceased
by some mischance or mere accident had died in consequence thereof, then
the defendant could be guilty of nothing more than involuntary man-
slaughter; but if the evidence shows that the defendant used a weapon
likely to produce death, and used such weapon in an unlawful, improper
and cruel manner upon the deceased, and had committed such an act as in
its consequences naturally tended to destroy the life of the child, and
from which the child died, although he may not have intended to kill him,
yet it would be murder." Code, section 4327.

3. Nor did the court so err in charging to the effect that, if the body of the
deceased showed wounds like those which would be produced by the in-
strument defendant confessed he had used upon him, then this would be a
sufficient corroboration of the confession to justify a conviction, as to re-
quire this court to grant a new trial, the rest of the charge submitting the
fact of confessions or no confessions fairly to the jury : See *45 Georgia
Reports, 43.*

4. Nor in charging that in this case " you should look to the testimony and
see what kind of wounds were inflicted upon the child, and whether those
wounds could have resulted from natural causes, or whether they must
have been the result of violence, and whether there were any persons be-
sides the defendant who could have inflicted them."

5. Even if slight errors had been made, the charge, as a whole, seems to have
been fair; the facts and the application of the law to them fully authorize
the verdict; the presiding judge is satisfied therewith, and we will not in-
terfere.

Criminal law. Indictment. Malice. Confessions. New
trial. Before Judge Tompkins. Effingham Superior Court.
April Term, 1876.

The following, taken in connection with the opinion, suffi-
ciently reports this case :

The defendant was indicted, tried, found guilty, and a new
trial granted.

On the 10th of April, 1876, the judge directed the solicitor
general to *nol. pros.* the indictment, and made an entry on his
docket that this had been done. Later in the same day, a
second indictment was found for the same offense. The solici-
tor general failed to take the formal order to *nol. pros.* the
first until the next day. On the trial, defendant pleaded the

pendency of a former indictment when the one under which he was tried was found. This plea was overruled.

The evidence for the state made, in brief, the following case : Defendant was heard to say that his child was of no account and he had "a great mind to burst his brains out." Two days afterwards the child was found dead in defendant's house; it was much bruised about the body and head, and its feet was burned. After his arrest, defendant stated that he had whipped the child with a paddle or switch. When questioned about a cut on the child's head, he said that was where he had "shoved it over the head" with a box. The box weighed nine pounds. When further asked about a bruise on the child's stomach, he said that it "nastied" the floor, and he kicked it out of the door. The deceased was about two years old. The crime was committed in Effingham county.

Defendant introduced no evidence. His statement was a denial of the confessions stated by the state's witnesses.

The jury found a verdict of guilty. Defendant moved for a new trial on the following, among other grounds:

1st. Because the court overruled defendant's plea to the indictment.

2d. Because the court made the following charges:

(*a*) "If the evidence had shown defendant had whipped the deceased with a little switch, not intending to kill him, but simply to chastise him reasonably and properly, and the deceased, by some mischance or mere accident, had died in consequence thereof, then the defendant could be guilty of nothing more than involuntary manslaughter; but if the evidence shows that the defendant used a weapon likely to produce death, and used such weapon in an unlawful, improper and cruel manner upon the deceased, and had committed such an act as in its consequences naturally tended to destroy the life of the child, and from which the child died, although he may not have intended to kill him, yet it would be murder."

(*b*) "If a man should confess he had killed another in a certain way, and the body of the deceased indicated wounds

Williams *vs.* The State of Georgia.

corresponding to the method that the defendant acknowledged to have used, then this would be a sufficient corroboration of the confession to justify a conviction."

(c) "In this case you should look to the testimony and see what kind of wounds were inflicted upon the child, and whether these wounds could have resulted from natural causes, or whether they must have been the result of violence, and whether there were any persons besides the defendant who could have inflicted them."

The motion was overruled, and defendant excepted.

A. P. ADAMS; D. R. GROOVER, for plaintiff in error.

A. R. LAMAR, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted for the murder of his child less than three years old. The child was the son of a former wife. It was found dead in his house, much bruised and burnt, and the body indicated that it had been badly beaten with instruments other than such as would be used to correct a little child. The defendant had been indicted before and tried and convicted, and the presiding judge had granted one new trial. He was again convicted, moved again for a new trial, the court refused it, and he excepted, and the case is before us.

The points of error relied upon are set out in the headnotes, and our opinion thereon expressed therein, and will be clearly seen and understood when reference is had to the facts set forth by the reporter in this case. Those facts show threats about this motherless child, confessions of guilt to various persons, the use of instruments likely to produce death even on a grown person, the fact that the child *"nastied"* the house, and would not learn to walk, as reasons for his beating him and kicking him out, a horribly bruised, burnt and mangled little corpse, all disclosing a very abandoned heart, and fully authorizing the conviction under the law fairly administered.

Judgment affirmed.